## WHEN A COURT MAY CHARGE UPON CONTRIBUTORY NEGLIGENCE.

Circuit Court of Cuyahoga County.

THE INTERSTATE ENGINEERING COMPANY V. SAM COLECHIA.*

Decided, March 20, 1911.

*Master and Servant—Negligence—Charge as to Contributory Negligence.*

In a personal injury damage case it is not error to charge upon the subject of contributory negligence, where that is made an issue by the pleadings, and there is evidence tending to establish the fact that the injury was received wholly as the result of the plaintiff's negligence, not partly by reason of his contributory negligence.

*Seaton & Paine,* for plaintiff in error.
*Harry Payer,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The parties here stand in relation inverse to that in which they stood in the court below, but will here be spoken of as in the original case.

The defendant is a manufacturing corporation, with its plant at Bedford in this county. The plaintiff was in its employ, and while in its employ on the 7th day of January, 1908, was severely injured by the falling of a heavy pile of angle irons upon him while engaged in his work. He claims that this injury was caused by the negligence of the defendant, and without any negligence on his part. The result was a verdict and judgment in favor of the plaintiff.

It is urged that this judgment should be set aside, first, because it is said that it is against the weight of the evidence. After a careful examination of the evidence, we are not prepared to say that this claim is well taken, and the case can not be reversed upon that ground.

*Affirmed without opinion, *Interstate Engineering Co. v. Colechia*, 86 Ohio State, 318.

Without entering into details as to the facts, it is clear that if the plaintiff was entitled to recover, it was because of the negligence of one Joe Kelley, another employee of the defendant.

On the part of the plaintiff it is claimed that this man Kelley was his superior; that he had a right to direct him what to do; that he did direct and control him, and that therefore the negligence of Kelley was the negligence of the company.

On the part of the defendant it is claimed that Kelley had no authority over the plaintiff, but was his fellow-servant on an equal footing with him; the defendant, by its answer, says that the accident was due entirely to the negligence of the plaintiff, but that if that be not true, the negligence of the plaintiff contributed to the injury.

The language of the answer in that regard is in these words:

"Second defense.   Further answering and for a second defense defendant says that any injuries complained of (sustained by plaintiff) were due to the plaintiff's own negligence in the premises; and further answering, defendant says that if it was negligent (which it denies) plaintiff's own negligence contributed directly and proximately to the injuries which he sustained and about which he complains."

The evidence of the plaintiff, if it be true, and certainly that evidence in connection with the evidence of Rigrio Riomundo, might well cause one to believe that Kelley was the superior of the plaintiff, but all the evidence taken together leaves the question in grave doubt; it is by no means clear however that the jury went wrong in finding that Kelley was the superior of the plaintiff.   The injury was caused by the falling of these angle irons, already mentioned, upon the plaintiff's legs, but the cause of such falling is in dispute.   On the part of the plaintiff, evidence is given tending to show that it was because of the negligence of Kelley.   On the part of the defendant the evidence tends to show that the accident was caused by the negligence of the plaintiff.   The jury reached the conclusion that the injury was caused by the negligence of Kelley.   Without reciting the evidence, though we have examined it with care, we are not prepared to say that the jury were wrong in reaching the conclusion that Kelley's negligence was the cause of the injury.

It is claimed on the part of the defendant (plaintiff in error) that there was no evidence tending to show that the plaintiff contributed by his negligence to his injury, but that under the circumstances and the evidence the injury was wholly caused by the plaintiff's negligence, or wholly caused by the negligence of Kelley; that there was no contribution on the part of one to the other. The negligence of one or the other, the defendant says, was the sole cause of the injury. We are not prepared to say that the defendant might not, under this evidence, have made the claim that even though Kelley were negligent, the plaintiff's negligence did not *contribute* to the injury. What has already been said sufficiently indicates that the case will not be reversed as being against the weight of the evidence.

. Complaint is further made, however, that the court erred in its charge to the jury, in that the court instructed the jury upon the issue of contributory negligence, when it is claimed, as already stated, by the defendant. that no such .issue was made by the evidence. Whether this claim can be maintained or not, we think there was no error in the charge of the court on the subject of contributory negligence, for the reason that this defense was set up in the answer, and thereby an issue was raised as to whether plaintiff contributed to the injury. Certainly, unless it was beyond the possibility of question that no reasonable claim could be made from the evidence that the plaintiff contributed in any degree by his negligence to his injury, it was proper for the court to charge upon the issue of contributory negligence as made in the pleadings, and we think it was proper, in any event, to charge upon it.

One of the paragraphs complained of in the charge is in these words:

"If these three charges, that is to say, first, that Kelley was plaintiff's superior, second, that he ordered plaintiff to assist as aforesaid, and third, that Kelley was negligent as aforesaid, if those three claims are proved by a preponderance of the evidence then your verdict should be for the plaintiff, unless it has also been proved by a preponderance of the evidence that plaintiff was himself negligent, his negligence contributing to his injury, in which state of the proof your verdict should be for the defendant.

"As to this claim that the plaintiff was negligent the burden of proof is upon the defendant. And the evidence bearing upon that question must preponderate in favor of the defendant's claim of contributory negligence in order that you may find it proved. If it does not so preponderate then it is not proved and does not stand in the way of recovery, if a right of recovery is shown by the evidence relating to those other issues that I have stated."

Another paragraph of the charge is in these words:

"I have said to you as to the claim made by the defendant that the plaintiff was negligent, that is negligence contributing to his injury, I have stated to you that upon that claim the burden is upon the defendant. There is an exception to that rule as to where the burden lies. If from the plaintiff's own evidence, evidence produced by the plaintiff, there is a fair inference from the evidence that the plaintiff was negligent, his negligence contributing to his injury, then the burden would be upon the plaintiff to remove that inference. That circumstance, this inference fairly arising from plaintiff's own evidence, places the burden upon him to clear himself of that inference. If such inference has arisen from the plaintiff's own evidence then the burden as I have said would be upon him. If there is no such inference, then the general rules I have stated would apply and the burden would be upon the defendant."

The fault that is found with this is that it places the burden of establishing the negligence of the plaintiff, upon the defendant. Whereas, it is said, that if the court had charged only upon the question of negligence on the part of the plaintiff as being the sole cause of the injury, this burden would not have been upon the defendant.

It will be noticed, however, by the language quoted in the charge, that it was only contributory negligence, the burden of proving which was placed upon the defendant. Indeed, no complaint could properly be made of the language used by the court, if the question of contributory negligence was in the case. We think it *was* in the case, because so made by the pleadings, and that the charge was not erroneous in the matter of placing the burden, and so we find no error in the record of this case, and the judgment is affirmed.